The Chancellor.
On reading the testimony, Í do not see any good reason why the report of the Master should not be confirmed.
A mortgagee, by taking possession, assumes the duty of treating the property as a provident owner would treat it; and of using the same diligence to make it productive that a provident owner would use.
If it be a farm, he is not at liberty to let it lie untilled because the house on it, or the house and farm together were not rented. I see no^reason why the farm should not be husbanded, though the buildings on it were not rented.
Again, a mortgagee in possession is not at liberty to permit the property to go to waste, but is bound to keep it in good ordinary repair; and if it be a farm he is bound to good ordinary husbandry.
It appears by the testimony that, for several years of the time during which the defendant has been in possession, the property was not rented, and the whole of it, farm and all, was permitted to lie uncultivated. The Master reports that it was not made satisfactorily to appear to him that the property was thus unoccupied without the default of the defendant. The ground here taken by the Master raises this question: A farm of 85 acres, 25 of it in wood land, under mortgage, is taken possession of by the mortgagee and rented. He remains thus in possession a number of years. Occasionally, during this period, the premises are vacant and the farm untilled. Is it sufficient for the mortgagee, thus in possession, in order to relieve himself from any charge for rents and profits for the years during which the premises were thus vacant, simply to say that he could not rent them; or should he be held to show proper diligence to procure a tenant. Is the mortgagor to prove that he might have rented it but for his wilful default, as that he turned out a sufficient tenant, or refused to receive a sufficient tenant, as would seem to be held in 1 Vern. 45; or does the fact of the premises being left vacant throw upon the mortgagee the burden of proving reasonable diligence to procure a tenant; as seems to be held in Metcalfe v. Campion, 1 Moll. 238.
It seems to me, that it will not do for the mortgagee, having *558 thus taken possession, to fold his arms and use no means to procure a tenant; and I am disposed to think he ought to be held to show reasonable diligence to procure a tenant. But, at all events, if the farm and buildings are not rented, he ought to cause the farm to be tilled, and that in a husbandlike manner.
From the testimony I think the defendant has been negligent, to say the least, in the manner in which he has treated the premises. No provident owner would have treated them as he has. They have been permitted to go greatly out of repair, and the lands have been so badly husbanded that, for several of the last years, the whole premises, rented at first by. thé mortgagee for #100, have rented for only $60, and he has been charged but that sum.
The defendant, during several years,' cut wood and timber from the premises and sold it. The Master, in stating the account, made annual rests when he found that the wood and timber and the rents and profits exceeded the interest and expenses, and applied the income, first, to the interest and expense account, and then to the reduction of the principal. This was objected to on the part of the defendant. It seems to me the Master was right.
I am satisfied with the general result reached by the Master.
Exceptions disallowed.